08 NOV 12 PM 1:55
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | CASE NO. 1:08 CR 458 |
| v. | ) | JUDGE O'MALLEY JUDGE |
| SANG HO SHIN, DONG SIK KIM, and YEON HEE LEE, | ) | Title 18, Sections 1832(a)(2), 1832(a)(3), 1832(a)(5) and 2, United States Code |
| Defendants. | ) | |

The Grand Jury charges:

Relevant Persons and Entities

At times material to this matter:

1. The Lubrizol Corporation ("Lubrizol") was an Ohio corporation located in Wickliffe, Ohio. Lubrizol maintained a Research and Development facility, through Lubrizol Advanced Materials, Inc. (fka Noveon, Inc.(fka The BF Goodrich Company)), a subsidiary of Lubrizol located in Brecksville, Ohio. Lubrizol was in the business of manufacturing and selling specialty chemicals, including plastics technology in the form of specialty resins and additives,

including conductive polymers under the trade name Stat-Rite® and thermoplastic polyurethane ("TPU") under the trade name Estane® . Lubrizol's products were sold and shipped, and intended to be sold and shipped, in interstate and foreign commerce. At all relevant times, Lubrizol took steps to safeguard confidential and proprietary business and technological information ("trade secrets"). These measures included, but were not limited to, confidentiality agreements, instructions to employees regarding the dissemination of such information and restricting access to certain information to a limited number of high-level employees through password protection and electronically coded passcards.

2. SK Chemicals ("SK") was a multinational chemical company with its principal place of business in Seoul, South Korea. SK was an affiliate company of SK Holdings Co., Ltd, a holding company located in Seoul, South Korea. SK maintained offices throughout the world, including the United States. SK was in the business of manufacturing and selling specialty chemicals including polyurethane resins, including TPU sold under the trade name Skythane, and other high performance chemicals. SK was a competitor of Lubrizol.

3. The defendants SANG HO SHIN, DONG SIK KIM and YEON HEE LEE were employed by SK Chemicals. SANG HO SHIN was Team Leader, Skythane Team. DONG SIK KIM was Associate Research Engineer/Resins Team in the Specialty Chemicals Division of SK. DONG SIK KIM worked at an SK Plant in Suwon, South Korea. YEON HEE LEE was Production Manager, Resins Business Team, at the SK Suwon Plant in Suwon, South Korea and Team Leader, Skythane Team.

4. Kyung J. Kim, a resident of Broadview Heights, Ohio, was Senior Research and Development Associate at Lubrizol Advanced Materials, Inc. As a Lubrizol employee, Kyung J. Kim agreed to abide by Lubrizol policies to avoid conflicts of interest, maintain the confidentiality of proprietary information, and avoid the disclosure of trade secrets to any third party.

The Grand Jury further charges:

COUNT 1
(Theft of Trade Secrets Conspiracy)

5. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

6. From in or about late 2001 through in or about January 2008, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE, did knowingly conspire and agree with Kyung J. Kim to commit the following offenses:

a. Theft of Trade Secrets, in violation of 18 U.S.C. §§ 1832(a)(2) and (a)(3).

7. It was part of the conspiracy that Kyung J. Kim gathered Lubrizol trade secrets regarding TPU and other technology and provided it to the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE, including Non-Halogen Flame Retardant Technology (NHFR) sold under the Estane® trade name and static control technology sold under the Stat-Rite® trade name.

8. It was part of the conspiracy that Kyung J. Kim met with SANG HO

SHIN, DONG SIK KIM and YEON HEE LEE at hotels and condominiums at various sites including Tucson, Arizona, Niagara Falls, Canada, and Suwon, South Korea. These meetings occurred on at least 17 occasions and lasted for several days. At these meetings, Kyung J. Kim explained the trade secrets and other confidential Lubrizol technology to the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE.

9. It was part of the conspiracy that SANG HO SHIN, DONG SIK KIM and YEON HEE LEE provided Kyung J. Kim with envelopes of $10,000 in cash (usually in denominations of $100 bills) at each meeting in exchange for the trade secrets and other confidential Lubrizol technology. The conspirators also reimbursed all of Kyung J. Kim's travel expenses (usually $1100).

10. In order to lend legitimacy to the conspiracy, the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE, referred to the arrangement as a "consultancy" despite the fact that Kyung J. Kim was a full-time employee at Lubrizol and subject to a duty of loyalty to Lubrizol.

11. In furtherance of the conspiracy and in order to avoid detection, Kyung J. Kim communicated with the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE, by way of handwritten facsimiles sent to and from his home in the Northern District of Ohio. These facsimiles often contained follow-up information from previous meetings and set out agendas for the next meeting. These facsimiles contained trade secrets and other confidential Lubrizol technology.

12. In furtherance of the conspiracy and to effect its objects, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, SANG HO SHIN, DONG SIK KIM and YEON HEE LEE, and Kyung J. Kim, committed overt acts which included, but were not limited to, the following:

    a. On or about October 23, 2001, defendant DONG SIK KIM sent a facsimile to Kyung J. Kim.

    b. On or about January 13, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN and DONG SIK KIM containing trade secrets and other confidential Lubrizol technology.

    c. On or about February 17, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    d. On or about April 22, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    e. On or about May 2, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    f. On or about July 18, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    g. On or about November 18, 2002, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    h. On or about October 16, 2003, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

    i. On or about January 1, 2004, Kyung J. Kim sent a facsimile to defendant SANG

HO SHIN containing trade secrets and other confidential Lubrizol technology.

j.      On or about January 6, 2004, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

k.      On or about January 18, 2004, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

l.      On or about April 11, 2004, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

m.      On or about August 29, 2004, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

n.      On or about December 26, 2004, Kyung J. Kim reserved a room at the Westin La Paloma Resort in Tucson, Arizona for a meeting with defendants SANG HO SHIN and DONG SIK KIM.

o.      On or about January 24, 2005, Kyung J. Kim sent a facsimile to defendant SANG HO SHIN containing trade secrets and other confidential Lubrizol technology.

p.      In or about late March 2007, Kyung J. Kim downloaded Lubrizol trade secrets and confidential technology onto an external computer storage device in preparation for a meeting with defendants DONG SIK KIM and YEON HEE LEE.

q.      On or about March 27, 2007, Kyung J. Kim flew from Cleveland Hopkins International Airport to Seoul Incheon International Airport to meet with defendants DONG SIK KIM and YEON HEE LEE.

r. In or about late June 2007, Kyung J. Kim downloaded Lubrizol trade secrets regarding TPU, including Non-Halogen Flame Retardant Technology (NHFR) onto an external computer storage device in preparation for a meeting with defendants DONG SIK KIM and YEON HEE LEE.

s. On or about July 2, 2007, Kyung J. Kim flew from Cleveland Hopkins International Airport to Seoul Incheon International Airport to meet with defendants DONG SIK KIM and YEON HEE LEE.

All in violation of Title 18, United States Code, Section 1832(a)(5).

The Grand Jury further charges:

COUNT 2
(Theft of Trade Secrets)

13. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

14. In or about August 2004, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, SANG HO SHIN, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of himself and SK, which trade secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly aid, abet, counsel, command, induce and procure the copying, duplication, downloading, transmission, delivery, communication, and conveyance of Lubrizol trade secrets, knowing them to have been obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Sections 1832(a)(2) and 2.

The Grand Jury further charges

COUNT 3
(Theft of Trade Secrets)

15. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

16. On or about August 29, 2004, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, SANG HO SHIN, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of SK, which trade secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly receive, buy, and possess Lubrizol trade secrets, knowing the same to have been stolen and appropriated, obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Section 1832(a)(3).

The Grand Jury further charges:

COUNT 4
(Theft of Trade Secrets)

17. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

18. In or about late March 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, DONG SIK KIM and YEON HEE LEE, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of themselves and SK, which trade

secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly aid, abet, counsel, command, induce and procure the copying, duplication, downloading, transmission, delivery, communication, and conveyance of Lubrizol trade secrets, knowing them to have been obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Sections 1832(a)(2) and 2.

The Grand Jury further charges:

COUNT 5
(Theft of Trade Secrets)

19. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

20. In or about late June 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, DONG SIK KIM and YEON HEE LEE, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of themselves and SK, which trade secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly aid, abet, counsel, command, induce and procure the copying, duplication, downloading, transmission, delivery, communication, and conveyance of Lubrizol trade secrets, knowing them to have been obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Sections 1832(a)(2) and 2.

The Grand Jury further charges:

COUNT 6
(Theft of Trade Secrets)

21. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

22. On or about March 30, 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, DONG SIK KIM and YEON HEE LEE, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of SK, which trade secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly receive, buy, and possess Lubrizol trade secrets, knowing the same to have been stolen and appropriated, obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Section 1832(a)(3).

The Grand Jury further charges:

COUNT 7
(Theft of Trade Secrets)

23. The factual allegations contained in paragraphs 1 through 4 are incorporated herein as if set forth in full.

24. On or about July 3, 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, DONG SIK KIM and YEON HEE LEE, with the intent to convert trade secrets belonging to Lubrizol to the economic benefit of SK, which trade secrets are related to and included in products that are placed in interstate and foreign commerce, did knowingly

receive, buy, and possess Lubrizol trade secrets, specifically Lubrizol trade secrets regarding TPU, including Non-Halogen Flame Retardant Technology (NHFR), knowing the same to have been stolen and appropriated, obtained and converted without authorization, intending and knowing that these actions would injure Lubrizol.

All in violation of Title 18, United States Code, Section 1832(a)(3).

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.